UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROMANUS CASTRO,

                Plaintiff,

     -against-

PSEG LONG ISLAND,

                Defendant.
------------------------------------------------------------- x

MEMORANDUM & ORDER

18-cv-6578 (ENV) (LB)

VITALIANO, D.J.

Plaintiff Romanus Castro, proceeding *pro se*, commenced this action against PSEG Long Island ("PSEG") on November 19, 2018. Castro paid the required filing fee to bring this suit. Nonetheless, for the reasons discussed below, the action is dismissed without prejudice because the Court lacks subject matter jurisdiction to hear it.

Background

On or about February 10, 2016, PSEG contacted Castro and informed him that, during an inspection of his electric meter, it was determined that the electric usage was not properly measured. (Compl., ECF No. 1, at 1-2, 11). As a result, he was billed $4,441.04 for unmetered usage and an additional $407.87 for the cost of PSEG's investigation. (*Id.* at 2). Plaintiff disputes the amount owed and seeks $10 million in damages. (*Id.* at 7).

1

## Legal Standard

The burden of establishing federal subject matter jurisdiction rests on the shoulders of the party starting a federal lawsuit. That party must prove jurisdiction by a preponderance of the evidence. *See, e.g., Augienello v. FDIC*, 310 F. Supp. 2d 582, 587-88 (S.D.N.Y. 2004). Although the district court "must accept as true all material factual allegations in the complaint," it need not draw inferences favorable to the party asserting jurisdiction, *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004), and "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," *Augienello*, 310 F. Supp. 2d at 588 (quoting *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)).

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court on its own initiative. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009). For that reason, even if a plaintiff has paid the court's filing fee, a district court may dismiss a case, *sua sponte*, if it determines that the court lacks subject matter jurisdiction or that the action is frivolous. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Fed. Sav. Bank*, 334 F. App'x 394, 395 (2d Cir. 2009) (summary order) (affirming a district court's *sua sponte* dismissal of a fee-paid frivolous complaint).

Discussion

Construing the complaint's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), it is clear that the Court lacks subject matter jurisdiction over Castro's claims. The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

One grant of authority, 28 U.S.C. § 1331, establishes the district courts' federal question jurisdiction, under which courts like this one have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted). In his complaint, Castro does not allege facts to state a colorable claim arising under federal law. His complaint does not establish that federal law creates the cause of action or that his right to relief necessarily depends on the resolution of a substantial question of federal law. The Court, therefore, concludes that the complaint does not invoke federal question jurisdiction.

The other grant of authority, 28 U.S.C. § 1332, defines the diversity jurisdiction of federal district courts, which obtains when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital*

3

*Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Castro, however, has not alleged any facts to show that the parties are diverse in citizenship or that his complaint meets the statutory amount in controversy. Indeed, since the exhibits attached to the complaint reveal that Castro resides in Arverne, NY and that PSEG receives mail in Melville, NY, (*e.g.*, Compl., ECF No. 1, at 11), his pleadings appear to prove just the opposite. This strongly suggests that the parties are not diverse and, consequently, that Castro may not invoke the Court's diversity jurisdiction.

Moreover, this case is fundamentally a contract dispute, arising from a bill for only $4,848.91. It is, therefore, legally certain that Castro could not recover an amount in excess of $75,000, much less the $10 million he demands. Even if this were a tort case and punitive damages were available, an award reaching the upper limits allowed by due process would not total $75,000. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process."). As such, the amount in controversy requirement is not satisfied. *See, e.g., Leskinen v. Halsey*, 571 F. App'x 36, 39 (2d Cir. 2014) (summary order); *Fernicola v. Toyota Motor Corp.*, 313 F. App'x 408, 408-09 (2d Cir. 2009) (summary order). Any amendment to plead jurisdiction would be futile, and leave for that purpose is denied.

## Conclusion

For the reasons discussed above, the Court dismisses the complaint for lack of subject matter jurisdiction but without prejudice to its refiling in a state court of appropriate jurisdiction.

Although plaintiff paid the filing fee to initiate this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this Memorandum and Order to plaintiff, and to close this case.

So Ordered.

Dated: Brooklyn, New York
November 28, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge